```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     HARRISON DIVISION
```

**INTERSCOPE RECORDINGS, ET AL.**                                **PLAINTIFFS**

           **v.**           **Civil No. 08-03068**

**BROOKE TABOR**                                                  **DEFENDANT**


<u>**O R D E R**</u>

    NOW on this the 16th day of March 2009, comes on for consideration Plaintiffs' **Application for Entry of Default Judgment and Permanent Injunction** (document #7). The court, being well and sufficiently advised, finds and orders as follows with respect thereto:

    1. On December 10, 2008, Plaintiffs Interscope Records, UMG Recordings, Inc., Capitol Records, LLC, Warner Brothers Records Inc., and Atlantic Recording Corporation ("Plaintiffs") commenced this copyright infringement action alleging that, through the use of a "peer-to-peer" file copying network (or so-called online media distribution system), Defendant Brooke Tabor ("Defendant") has repeatedly violated Plaintiffs' exclusive rights to reproduce and distribute certain copyrighted sound recordings. According to the complaint, Defendant's acts of infringement are willful and ongoing.

    On February 13, 2009, after determining that Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, the Clerk of the Court made an entry of default against Defendant.

Plaintiffs then filed the motion for entry of default judgment and permanent injunction presently before this Court. To date, Defendant has failed to respond to this motion, file a responsive pleading, or otherwise defend this action.

2. In the motion now before the Court, Plaintiffs seek to recover the minimum statutory damage award authorized under the Copyright Act, 17 U.S.C. § 504(c)(1). Specifically, Plaintiffs seek an award of $750 per infringed work for each of the nine sound recordings listed in Exhibit A to the Complaint (document # 7-1), in the total principal sum of Six Thousand Seven Hundred Fifty Dollars ($6,750.00).

The Court finds that such award is proper and just, as -- through Defendant's default -- Plaintiffs have established the truth of the factual allegations set forth in the Complaint. That is, having established Plaintiffs' ownership of the infringed material and Defendant's violation of at least one of the exclusive rights (i.e., reproduction and/or distribution) granted to Plaintiffs as copyright holders, Plaintiffs are entitled to the minimum statutory damages claimed in their motion. See 17 U.S.C. §§ 106, 501(a).

Plaintiffs further seek to recover the costs of suit herein in the amount of Four Hundred Twenty Dollars ($420.00). The Court finds that such recovery is properly supported and should be awarded pursuant to 17 U.S.C. § 505.

3. Plaintiffs also seek the entry of a permanent injunction against Defendant. Plaintiffs say that Defendant's conduct is causing irreparable injury that cannot be fully compensated or

measured in money, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe their various copyrights.

Before granting permanent injunctive relief, the moving party must show actual success on the merits, rather than the fair chance of prevailing on the merits required for a standard preliminary injunction. Oglala Sioux Tribe v. C & W Enterprises, Inc., 542 F.3d 224, 229 (8th Cir. 2008).  If a court finds actual success on the merits, it then considers the following factors in deciding whether to grant a permanent injunction: (1) the threat of irreparable harm to the moving party; (2) the balance of harms with any injury an injunction might inflict on other parties; and (3) the public interest. Id.

In the case at bar, the Court believes that the foregoing factors weigh in favor of Plaintiffs.  Defendant's default satisfies the element of success on the merits. Additionally, the Court believes that the threat of irreparable harm to Plaintiffs is plain.  Defendant's violations are not the sort that can be fully compensated by monetary damages.  Once illegally reproduced and distributed via the internet, it is impossible to track and quantify any ongoing and, likely, widespread infringement.

As to any potential injury that may be inflicted upon Defendant, it is not clear that he conducts any legitimate activities that would be harmed by the proposed injunctive relief. On the other hand, the Court believes that the harm to Plaintiffs, if the relief sought is not granted, is substantial.  The actions of Defendant deprive Plaintiffs of the monetary rewards that

attend the risks taken in the music industry.  Defendant has also usurped Plaintiffs' exclusive control over the method and means of handling their unique intellectual property.  Furthermore, the Court is of the opinion that an injunction against Defendant will be in the public interest, as the ultimate negative impact of record piracy very likely lands on the general public -- i.e., record labels may be forced to raise wholesale prices of compact disks to recover their losses.

The Court also observes that courts have traditionally crafted broad injunctions to protect copyright holders. <u>Olan Mills, Inc. V. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994). Such injunctions have even prohibited infringement of works not yet in existence. <u>Id</u>.

In view of the foregoing, Defendant shall be enjoined from directly or indirectly infringing Plaintiffs' existing or future copyrights under federal and state law as set forth in the judgment to be entered on this date.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' **Application for Entry of Default Judgment and Permanent Injunction** (document #7) should be, and it hereby is, **GRANTED,** and judgment in favor of Plaintiffs will be entered by separate document filed concurrently herewith.

**IT IS SO ORDERED.**

                                            **/s/ Jimm Larry Hendren**
                                            **JIMM LARRY HENDREN**
                                            **UNITED STATES DISTRICT JUDGE**